## City of Effingham v. Henry Surrells.

1. SURFACE WATERS—*In Cities.*—A city has no right to collect surface water and carry it out of its natural course to the vicinity of a person's premises without furnishing an outlet for it.

2. CITIES AND VILLAGES—*Not Primarily Liable for the Obstruction of a Water-Course.*—A city is not primarily liable for the obstruction of a water-course, but having notice that a citizen had obstructed a water-course, it is liable for not either requiring the citizen to remove the obstruction or itself providing an escape for such waters.

**Trespass on the Case**, to recover damages caused by the flow of water upon plaintiff's premises. Trial in the Circuit Court of Effingham County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

o

T. E. GILMORE, City Attorney, E. N. RINEHART and B. F. KAGAY, attorneys for appellant.

The right to recover damages in an action of this kind is based on two propositions : That the party plaintiff has suffered an injury, and the party defendant is legally liable for having caused such injury. Sutherland on Damages, pages 3 and 4, and authorities there cited.

No one can be held responsible for all the consequences of his acts or defaults, but only for those which the law considers the natural consequences.

Where a party does an act which is the direct cause of injury to another he is absolutely liable, whether the case arises *ex contractu* or *ex delicto.* 5 A. & E. Ency. 5.

Where other causes intervene between the act of the defendant and the injury, the efficient cause will be held responsible. 5 A. & E. Ency. 9, and note.

In the note above cited it is held that if two or more contribute to an injury, and it is uncertain which contributed most, or without the concurrence of both the injury would not have occurred, no recovery can be had against either. And the plaintiff must prove that the injury is the proximate consequence of the act complained of. Citing Wood's Mayne on Damages (Ed. 1880).

A party erecting an obstruction to the flow of surface water is not required to provide against, nor can he be held responsible for, damages occasioned by extraordinary floods. Note on p. 10, 5 A. & E. Ency.

G. F. TAYLOR and S. F. GILMORE, attorneys for appellee.

Any person diverting the flowage of water from its natural course must so direct and control its course as not to injure the property of others. Anderson v. Henderson, 124 Ill. 164; Gormley v. Sanford, 52 Ill. 158; Toledo, W. & W. R. R. Co. v. Morrison, 71 Ill. 616; Herrington v. Peck, 11 Ill. App. 62.

The same rule governing individuals with respect to the diversion of water from its natural course applies to incorporated towns and cities. If a city in grading its streets

throws watre upon the grounds of one of its citizens, or cre-
ates a stagnant pool in the neighborhood that brings disease,
it is liable for the damages that occur to such citizen.  Nev-
ins v. Peoria, 41 Ill. 502; City of Aurora v. Gillett, 56 Ill.
132; City of Aurora v. Reed, 57 Ill. 29.

A city has no right to conduct surface water, that would
not naturally flow there, by or upon the property of a citi-
zen, and if it does so and damages accrue, the city is liable,
even though other property owners fill up the land in front
of their property so as to turn the water, thus wrongfully
diverted, by the injured premises or upon said premises.
City of Aurora v. Reed, 57 Ill. 29; C. & A. R. R. Co. v.
Conners, 25 Ill. App. 561.

It is the duty of cities to provide suitable and proper
sewerage to carry off water that accumulates on their
streets.  They are armed with ample powers to provide
means therefor, even to condemn ground for that purpose
if necessary.  City of Aurora v. Reed, 57 Ill. 29.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion
of the court.

This was an action by appellee against appellant, in the
Effingham Circuit Court, to recover damages caused by flow
of water upon appellee's premises.  A number of years ago
appellant and the Illinois Central Railroad Company con-
structed a ditch for the drainage of the water from the
streets of the city, and also for the drainage of the right of
way of the railroad, which ditch has been maintained to the
present time.  This ditch, so constructed and maintained,
was sufficient to carry off all the water diverted to it from
streets of the city, so long as it was kept open and kept in
repair.  As first constructed, it changed the flow of water
from its natural course to a considerable extent, and in 1894
appellant put in an eighteen-inch tile across Fayette avenue,
which caused the diversion of a much larger quantity of
water from its natural course into this ditch.  The ditch is
on the right of way of the railroad company.

In 1895 the railroad company put in a turn-table which

obstructed and filled up a portion of the ditch; under the turn-table it placed an eighteen-inch tile, which was insufficient to carry off the water that was concentrated in the ditch. Immediately after this obstruction was put in appellee complained of it to this street and alley committee of the city council, but appellant did nothing to remedy it.

The lot upon which appellee's dwelling was situate, in which he lived with his family, is adjacent to the ditch, at which point the ditch was about three feet deep. In a portion of the territory drained by this ditch are a number of livery stables, feed-yards and out-houses. During the month of July, 1895, a heavy rain fell, filling the ditch with water containing filth from these places, until it backed up into an alley south of appellee's premises and into his yard, remaining until it turned green, and finally dried up by evaporation and soaking into the ground. Appellee suffered this annoyance and inconvenience and several of his family were taken sick with typhoid fever.

The trial was by jury, who heard the evidence, and under an order of court viewed the premises. Verdict in favor of appellee for $250, upon which the court rendered judgment.

Appellant contends that the third, fourth and fifth instructions given by the court, at the instance of appellee, are not supported by the evidence. We have carefully examined the evidence, and in our opinion it abundantly supports these instructions.

Appellant also contends that the testimony does not show that the contaminated and stagnant water caused the sickness complained of.

The inference from the whole testimony is irresistible that it did cause the sickness; but if it did not, the damages recovered are not excessive compensation for the annoyance and inconvenience suffered.

Appellee's sixth instruction concludes as follows:

" Even though the obstruction of said ditch which caused the flow of the water over plaintiff's premises, was made by the Illinois Central Railroad Company."

Appellant contends that this is not the law; that the city

is not responsible for damages resulting from the stopping up of the ditch by another.

The city collected this water together and carried it out of its natural course to the vicinity of appellee's premises, and it was its duty to furnish it an outlet. The city is not primarily liable for the stopping up of the ditch by the railroad company, but having notice that the railroad company had stopped it up, it is liable for not either causing the railroad company to remove the obstruction, or itself providing an escape for the water its ditches brought down upon appellee.

Appellant further contends that the city had a prescriptive right to carry this water through the ditch in that direction. The city had no prescriptive right, after notice, to allow the ditch to remain stopped up, and refuse to provide any other means of escape for the water it had collected and brought into proximity with appellee's premises.

The judgment of the Circuit Court is affirmed.